UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MELISSA ELLIOTT ET AL            CIVIL ACTION NO. 22-cv-6236

VERSUS            JUDGE DAVID C. JOSEPH

SHRINERS HOSPITALS FOR CHILDREN            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Melissa Elliott and Holley Furrow filed this employment discrimination action against Shriners Hospitals for Children based on allegations of religious discrimination and retaliation in connection with Shriners' mandatory Covid-19 vaccination policy for its healthcare personnel. Defendant filed a Motion to Dismiss (Doc. 7) on the grounds that the complaint fails to state a claim on which relief may be granted.

Federal Rule of Civil Procedure 15(a) allowed Plaintiffs an opportunity to file an amended complaint, without leave of court, after the motion to dismiss was filed. The rules favor such amendments when they may cure or otherwise address flaws pointed out in a motion. Plaintiffs instead filed a memorandum in opposition that argued the original complaint was adequate but also asked that Plaintiffs be granted leave to file an amended complaint "to more fully flesh out Plaintiffs' allegations" if the court elected to grant the motion to dismiss. Plaintiffs stated that a "simple amendment" could cure an alleged defect related to exhaustion of administrative remedies.

A responsive amended complaint may avoid the need to decide a motion or reduce the issues to be decided. It also avoids the waste of time associated with seriatim motion

practice. And allowing or requiring a plaintiff to amend her complaint and plead her best case before a motion is decided avoids appellate arguments by a plaintiff that an amendment should have been allowed. <u>House of Raeford Farms of Louisiana, LLC v. Poole</u>, 2020 WL 3052226, *4 (W.D. La. 2020).

Plaintiffs will be allowed until **July 10, 2023** to file a motion for leave to file a first amended complaint, which must be accompanied by the proposed amendment and include a statement as to whether Shriners opposes leave to amend. If Shriners' only objection is perceived futility of the amended claims, it should reserve those arguments for a second motion to dismiss. The practice in this court has been that, unless it is readily apparent that a proposed amendment is patently futile, the better course is to allow the filing of the amended complaint and take up its merits on a motion to dismiss (or motion for summary judgment). That procedure allows for a more complete briefing process that is focused solely on the merits. <u>Poole</u>, <u>supra</u>. Plaintiffs should plead their best case in any proposed amendment. Further amendments will not be allowed without a showing of good cause.

If Plaintiffs are granted leave to file an amended complaint, the court will deny the pending motion to dismiss without prejudice and allow Shriners 14 days to file a new motion to dismiss or other response. If Plaintiffs do not file a motion for leave to amend by July 10, the current motion to dismiss will be taken up in due course.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of June, 2023.

_/s/ Mark L. Hornsby_
Mark L. Hornsby
U.S. Magistrate Judge